# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CARINA THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06 C 1504 |
| | ) |
| JOHN ZARUBA, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant County of DuPage's ("DuPage") motion to dismiss. For the reasons stated below, we deny the motion to dismiss.

## BACKGROUND

Plaintiff Carina Thomas ("Thomas") alleges that she is a forensic scientist who was employed by Defendant Office of the Sheriff, DuPage County ("Sheriff's Office") for almost twelve years, until she was terminated without prior notice in February 2006. According to Thomas, she was terminated because of her support for a political opponent of Defendant John Zaruba ("Zaruba"), who is the DuPage County Sheriff. Specifically, Thomas claims that she was terminated after she

engaged in "free speech and political activity" in support of Zaruba's opponent in the March 2006 primary. (Compl. Par. 1). Thomas alleges that her support for Zaruba's opponent was well known by Defendants, even though she did not engage in political activity during her work hours. Thomas also alleges that prior to her termination, she was warned by Defendant John Collins, the Crime Laboratory Director for the Sheriff's Office, that she should be careful about her political activities because they could be perceived negatively by the "Zaruba administration." (Compl. Par. 13-14). Finally, Thomas also claims that several less-qualified or less-experienced employees who did not engage in political activities opposing Zaruba were not terminated.

Thomas filed the instant action on March 17, 2006, alleging one claim of First Amendment retaliation in violation of 42 U.S.C. § 1983 ("Section 1983"). DuPage has filed a motion to dismiss Thomas' claim against Zaruba in his official capacity and her claim against the Sheriff's Office.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation,* 300 F.3d 750, 753 (7th Cir. 2002);

*Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School,* 144 F.3d 448, 454-55 (7th Cir. 1998). Under the current notice pleading standard in federal courts, a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action . . . .'" *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir. 1994)(stating also that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002). However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.,* and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins,* 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan,* 40 F.3d at 251.

## DISCUSSION

DuPage has filed a motion to dismiss the official capacity claims against Zaruba and the Sheriff's Office. DuPage states in its motion that it "specifically admits that existing law in the Seventh Circuit . . . supports the position that an official capacity suit against a sheriff can lie," but DuPage goes on to argue that "official capacity claims seeking damages under Section 1983 are not viable against Illinois sheriffs and other county officers because there is no municipality upon which to impose municipal liability . . . ." (Mot. 1-2). In support of this argument, DuPage cites, among other things, the 1871 congressional floor debate that occurred prior to the passage of Section 1983. (Mot. 5-8). DuPage further contends that "[it] appears that the Seventh Circuit has been confused by the fact that the sheriff is referred to as a 'county officer.'" (Mot. 13).

The Seventh Circuit's precedent provides that "[u]nder Illinois law, sheriffs are classified as county, not state, officials, and when the sheriff 'performs his duties as the principal executive officer or chief law enforcement officer of the county, he acts as a county official' and [thus] the Eleventh Amendment does not apply" to suits brought against sheriffs in their official capacity. *Richman v. Sheahan*, 270 F.3d 430, 439 (7th Cir. 2001)(citing *Scott v. O'Grady*, 975 F.2d 366, 371 (7th Cir. 1992); *Franklin v. Zaruba*, 150 F.3d 682, 684 (7th Cir. 1998); and *Ruehman v. Sheahan*, 34 F.3d 525, 528 (7th Cir. 1994)). The Seventh Circuit has recognized that there are certain situations in which a county sheriff may be considered to be a

part of the state, and that in such situations a "claim for damages may not be brought in federal court." *Id.* (citing *Ruehman*, 34 F.3d at 528 and *Scott*, 975 F.2d at 371). DuPage does not, however, argue that the instant action involves such specific situations. DuPage has also not provided the court with any reason to distinguish the instant action from the cases that clearly provide for Section 1983 suits for damages against sheriffs in their official capacity. Finally, DuPage has not argued that there is new precedent or controlling law on this issue that the court should consider. Therefore, we deny DuPage's motion to dismiss the claim against Zaruba in his official capacity.

In Thomas' response to the instant motion, she "acknowledges . . . that it is redundant to name both the [Sheriff's Office] and . . . Zaruba in his official capacity as defendants," and request to voluntarily dismiss the claim against the Sheriff's Office. (Resp. 8). It is true that "[a] suit against a governmental officer in his official capacity is really a suit against the entity of which the officer is an agent," and thus naming both Zaruba in his official capacity and the Sheriff's Office as defendants would be redundant. *Franklin*, 150 F.3d at 684. Therefore, we grant Thomas' request to dismiss the Sheriff's Office as a defendant and deny as moot DuPage's motion to dismiss the claim against the Sheriff's Office.

## CONCLUSION

Based on the foregoing analysis, we deny DuPage's motion to dismiss the

claim against Zaruba in his official capacity. We also grant Thomas' request to dismiss the Sheriff's Office as a defendant and deny as moot DuPage's motion to dismiss the claim against the Sheriff's Office.

                                              _____
                                              Samuel Der-Yeghiayan
                                              United States District Court Judge

Dated:   June 15, 2006